IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| INTERNATIONAL UNION OF OPERATING ENGINEERS OF EASTERN PENNSYLVANIA AND DELAWARE BENEFIT PENSION FUND, INTERNATIONAL UNION OF OPERATING ENGINEERS OF EASTERN PENNSYLVANIA AND DELAWARE HEALTH AND WELFARE FUND, INTERNATIONAL UNION OF OPERATING ENGINEERS OF EASTERN PENNSYLVANIA AND DELAWARE APPRENTICESHIP & TRAINING FUND, INTERNATIONAL UNION OF OPERATING ENGINEERS OF EASTERN PENNSYLVANIA AND DELAWARE SUPPLEMENTAL UNEMPLOYMENT BENEFIT FUND, and INTERNATIONAL UNION OF OPERATING ENGINEERS OF EASTERN PENNSYLVANIA AND DELAWARE ANNUITY FUND 1375 Virginia Drive, Suite 245 Fort Washington, PA 19034, and INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 542, AFL-CIO 1375 Virginia Drive, Suite 100 Fort Washington, PA 19034, <br><br>        Plaintiffs, <br><br>  v. <br><br>BBC MANAGEMENT SERVICES, LLC 95 Louise Drive Ivyland, PA 18974 <br><br>        Defendant. | CIVIL ACTION NO. |

# C O M P L A I N T

1

## INTRODUCTION

1. This is an action brought by employee benefit plans to collect delinquent benefit fund contributions, interest, liquidated damages, and attorneys' fees, pursuant to section 503 of the Employee Retirement Income Security Act (hereinafter "ERISA"), 29 U.S.C. §1132, and by a labor union to collect unremitted dues pursuant to section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185.

## JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to §502(a)(3)(B), (d)(1) and (f) and §4301(a)(1) and (c) of ERISA, 29 U.S.C. §§1132(a)(3)(B), (d)(1) and (f) and §1451(a)(1) and (c), respectively, and §301(a) of the LMRA, 29 U.S.C. §185(a).

3. This Court is one of proper venue under ERISA §§502(e)(2) and 4301(d), 29 U.S.C. §§1132(e)(2) and 1451(d), respectively, because the International Union of Operating Engineers of Eastern Pennsylvania and Delaware Benefit Pension Fund (hereinafter the "Pension Fund"), the International Union of Operating Engineers of Eastern Pennsylvania and Delaware Health and Welfare Fund (hereinafter the "Health Fund"), the International Union of Operating Engineers of Eastern Pennsylvania and Delaware Apprenticeship and Training Fund (hereinafter the "Apprenticeship Fund"), the International Union of Operating Engineers of Eastern Pennsylvania and Delaware Supplemental Unemployment Benefit Fund (hereinafter the "SUB Fund"), and the International Union of Operating Engineers of Eastern Pennsylvania and

Delaware Annuity Fund (hereinafter the "Annuity Fund") (hereinafter collectively the "Funds") are administered in the Eastern District of Pennsylvania.

**PARTIES**

4. At all times relevant hereto, the Funds are "multi-employer plans" and "employee benefit plans" within the meaning of sections 3(2), (3) and (37), of ERISA, 29 U.S.C. §1002(2), (3), and (37) which are maintained for the purpose of providing health and welfare, pension, apprenticeship and training, supplemental unemployment benefits, and annuities and related benefits to eligible participants and are trust funds established and maintained pursuant to section 302(c)(5) of the LMRA, 29 U.S.C. §186(c)(5). The Funds qualify to commence this action pursuant to section 502(d)(1) of ERISA, 29 U.S.C. §1132(d)(1).

5. At all times relevant hereto, the Funds have maintained their principal place of business at the address in the caption.

6. The Funds bring this action on behalf of themselves and on behalf of plan participants and beneficiaries pursuant to sections 502(a)(3)(B)(ii) and 4301(a)(1) of ERISA, 29 U.S.C. §§1132(a)(3)(B)(ii) and 1451(a)(1), respectively.

7. At all times relevant hereto Plaintiff International Union of Operating Engineers Local Union 542, AFL-CIO (the "Union") is an unincorporated association commonly referred to as a labor union and is the exclusive representative for the purposes of collective bargaining of the employees of BBC Management Services, LLC (the "Employer") who is and/or was employed in an industry affecting interstate commerce within the meaning of 29 U.S.C.

§§152(5), (6) and (7), 185(a) and 1002 (4), (11), and (12).

8. At all times relevant hereto, the Union has maintained its principal place of business at the address listed in the caption.

9. The Union brings this action pursuant to Section 301 of the LMRA, 29 U.S.C. §185.

10. Defendant Employer is an employer in an industry affecting commerce within the meaning of section 3(5), (11), and (12) of ERISA, 29 U.S.C. §§1102(5), (11), and (12) and has a business address as set forth in the caption.

## COUNT ONE
### Delinquent Contribution
### Funds v. Employer

11. The above paragraphs are incorporated herein by reference as though duly set forth at length.

12. Defendant Employer adopted and agreed to be bound by the terms of the collective bargaining agreement between the Union and the Contractors Associations of Eastern Pennsylvania and the State of Delaware ("CBA"). A true and correct copy of the CBA, is attached hereto as Exhibit A.

13. By adopting the terms of the CBA, Defendant Employer agreed to make full and timely payments to the Funds based upon the number of hours worked by its employees who worked on that project and to remit union dues to the Union from the paychecks of employees who authorizes such deduction.

14. The amount of contributions due to each of the Funds and the remittances due to the Union from the Employers is determined by the hours worked and wages paid to employees covered by the CBA during a calendar month. (Exhibit A, Article V, pp. 29-32)

15. Pursuant to Article V, Section 7(1) of the CBA, the contributions and remittances are due on a monthly basis on the twenty-fifth (25th) day of the month following the month in which the wages which are the basis for the contribution calculation were earned. (Exhibit A, p. 30)

16. Pursuant to Article V, Sections 7(2), (3), (5), (6), (7), (8), (9), and (11) of the CBA and 29 U.S.C. §1132(g)(2)(B), contributions that are not paid by the last day on which they are due accrue interest, calculated at a rate of ten percent (10%) per annum from the first day of the month following the date such contributions are due. (Exhibit A, pp. 30-31)

17. Pursuant to Article V, Section 7(5), (8), (9), and (11) of the CBA and 29 U.S.C. §1132(g)(2)(C)(ii), any contribution not received by its due date is charged liquidated damages equal to ten percent (10%) of the amount of the unpaid or late-paid contribution. (Exhibit A, p. 31)

18. The Employer has failed to submit remittance reports or any contributions for work performed in each month since July 2025.

19. On February 3, 2026, the Funds and Union, through their attorney, sent a letter to the Employer advising it of the delinquency and demanded submission of the missing remittance reports and payment of the delinquent amounts as well as interest, plus unremitted union dues. A true and correct copy of the February 3, 2026, letter is attached hereto as Exhibit B.

20. The Employer failed and refused to respond to the letter of February 3, 2026, letter.

21. Despite notice of the delinquency and demands of payment thereof, the Employer has failed and refused to pay the delinquent amounts.

22. The exact amount due for the months from July 2025 to the present is based on the hours worked and the wages paid to the employees of the Employers that work under the jurisdiction of the collective bargaining agreement.

23. Without the reports for those months, Plaintiffs cannot determine the amounts owed for those delinquent months.

24. The information needed to determine the amounts due to Plaintiffs for each of those months is in the financial books and records that are in the exclusive possession of the Defendant Employer.

25. The potential hardships to the Employer by requiring it to provide to Plaintiffs their financial books and records to determine the amounts owed to Plaintiffs are outweighed by the Funds' interests in assuring that the contributing employer has fulfilled its contractual and statutory obligations to the Funds.

26. There is no adequate remedy at law.

27. All conditions precedent to equitable relief have been satisfied.

28. In addition to the principal amounts due, as documented by the Employer's books and records, the Employer owes interest, liquidated damages, and attorneys' fees and costs pursuant to pursuant to 29 U.S.C. §1132(g)(2), and Article V, Section 7 of the collective

bargaining agreement, which is actionable under the LMRA, 29 U.S.C. §185.

29. WHEREFORE, Plaintiffs ask that the Court enter the Judgment against Defendant Employer, and in favor of the Funds as follows:

(1) Enter an order requiring Defendant Employer to provide the Funds with payroll or other records necessary to determine the amounts due for the months of July 2025 to the last completed month prior to the date of entry of the order.

(2) Enter Judgment in favor of Plaintiffs Funds and against the Defendant Employer for:

(a) The principal contributions due for the work performed for month since July 2025 as revealed by the records provided under (1), pursuant to the collective bargaining agreement and 29 U.S.C. §1132(g)(2)(A);

(b) Interest on the principal amounts in (2)(a) calculated at a rate of ten percent (10%) per annum, pursuant to the collective bargaining agreement and 29 U.S.C. §1132(g)(2)(B);

(c) Liquidated damages equal to ten percent (10%) of the principal amounts in (2)(a), pursuant to the collective bargaining agreement and 29 U.S.C. §1132(g)(2)(C);

(d) Attorneys' fees and costs, pursuant to the collective bargaining agreement and 29 U.S.C. §1132(g)(2)(D); and

i. (3) Grant any other further relief the court finds just and proper.

## COUNT TWO
### Unremitted Dues
### Union v. Employer

30. The above paragraphs are incorporated herein by reference as though duly set

forth at length.

31. Pursuant to Article V, Sections 8, of the collective bargaining agreement Defendant Employer is required to deduct union dues from the wages of employees who authorize such a deduction and to remit the deducted amounts to the Union by the fifteenth day of the month. (Exhibit A, p. 32)

32. Notwithstanding that obligation, Defendant Employer failed and refused to remit any dues for each month beginning July 2025.

33. By not remitting dues deducted from the pay of employees' who authorize such a deduction the Employer violated the collective bargaining agreement, which is actionable under the LMRA, 29 U.S.C. §185.

34. The amount of Union dues owed for each month since July 2025 depends upon the number of employees employed each month under the collective bargaining agreement as documented in the Employers' monthly remittance reports.

35. Like the contributions due to the Funds set forth in Count One, without the remittance reports for the months beginning with July 2025, Plaintiff Union cannot determine the amounts due to be remitted to the Union for those months.

36. The information needed to determine the amounts due to Plaintiff Union for each of those months is in the financial books and records that are in the exclusive possession of Defendant Employer.

37. The potential hardships to the Employer by requiring it to provide to Plaintiff Union with its financial books and records to determine the amounts owed to Plaintiffs are

outweighed by the Funds' interests in assuring that the Employer has fulfilled its contractual and statutory obligations to the Union.

38. There is no adequate remedy at law.

39. All conditions precedent to equitable relief have been satisfied.

40. WHEREFORE, Plaintiffs ask that the Court enter the following Judgment against Defendant Employer and in favor of the Funds for the following:

> (1) Enter an order requiring Defendant Employer to provide the Union with payroll or other records necessary to determine the amounts due for the months from July 2025 until the month preceding the date of the order.
>
> (2) Enter Judgment in favor of Plaintiffs and against the Defendant Employer for Union dues owed for the period from July 2025 until the date of the order; and
>
> (3) Grant any other further relief the court finds just and proper.

i.

41.

                              SPEAR WILDERMAN, P.C.

                              BY: /s/ Jeremy E. Meyer
                                    JEREMY E. MEYER, ESQUIRE
                                    230 S. Broad Street, Suite 1650
                                    Philadelphia, PA 19102
                                    (215) 732-0101

Dated: March 2, 2026